CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

November 07, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **SCOTT MITCHELL OUELLETTE,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:24CV00591 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **COMMONWEALTH OF VIRGINIA, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Respondents. | ) | |

*Scott Mitchell Ouellette, Pro Se Petitioner.*

The petitioner, a Virginia detainee proceeding pro se, has filed a pleading on a form designed for filing a habeas corpus petition under 28 U.S.C. § 2241. State court records available online indicate that Ouellette faces indictments for probation violations in the Circuit Court for Lee County, Virginia, and is scheduled for revocation hearings in these cases in early November 2024. Ouellette's petition asks the Court to dismiss these indictments because he claims he served probation violation sentences in Michigan before being extradited to Virginia. Upon review of the petition and state court records, I must summarily dismiss the petition without prejudice because I cannot grant the relief he seeks at this time.[1]

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it plainly appears from the petitioner's submissions that he is not entitled to relief.

While federal habeas corpus is substantially a post-conviction remedy, "pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241, which applies to [a person] in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995) (internal quotation marks and citation omitted). Although 28 U.S.C. § 2241 contains no express reference to exhaustion of state remedies, exhaustion of alternative remedies is necessary under § 2241, just as it is under § 2254. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 490–91 (1973). Hence, pre-trial detainees involved in state criminal proceedings who seek to bring challenges to their custody pursuant to § 2241 must first exhaust their state-court remedies before seeking federal habeas corpus relief. *Id.* Neither the petition nor state court records available online reflect that Ouellette has yet pursued all available state court remedies to present his current claims — at his revocation hearing, appeal, or a state court habeas corpus proceeding — to have the state courts first decide these claims. Thus, I find no evidence that he has met the exhaustion prerequisite for pursuing a federal habeas petition under § 2241 as a pretrial detainee.

Moreover, absent extraordinary circumstances, federal courts are strongly cautioned against interfering with a state's pending criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971). "*Younger* held that federal courts may not enjoin

a pending state criminal prosecution, absent a clear showing that 'defense of the . . . prosecution will not assure adequate vindication of constitutional rights.'" *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) (quoting *Younger*, 401 U.S. at 48–49). In other words, "federal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'" *Id.* at 52 (citation omitted).

By Ouellette's own allegations and according to state court records, the issues at stake in the pending state court proceedings involve charges that Ouellette violated the terms of his probation related to underlying Virginia criminal convictions. Ouellette gives me no reason to find that the state's interests in enforcement of probation terms are somehow unimportant. He complains about having also served jail time after similar probation violations in Michigan, but that state's interests in enforcement of its probation terms do not cancel out Virginia's interests.

Therefore, for the stated reasons, I will summarily dismiss Ouellette's petition because he has not exhausted state court remedies before filing in federal court and because federal courts are bound to abstain from interfering in ongoing state criminal proceedings.

-4-

A separate Final Order will be entered herewith.

DATED: November 7, 2024

/s/  JAMES P. JONES
Senior United States District Judge